EMERY LEWIS AND ALBERTHY LEWIS v. LOUIS H. KEAN ET AL.

*Equity practice—Payment under decree—Register in chancery.*

1. A party may object that his money be intrusted to an officer of the court, and he has a right to be heard before such an order is made.

2. In the absence of an order by the court, the payment of the amount due on a chancery decree to the register in chancery is not binding upon the party entitled to the money, and he may entirely ignore such payment.

3. A chancery decree directed the payment of a certain sum of money to the complainants, or their solicitor, within a stated time. The defendant failed to pay or tender the amount to the complainants, and refused to pay it to their solicitor, although the complainants gave the solicitor written authority to receive the money, which he showed to the defendant, and demanded payment. On the last day fixed for payment, the defendant deposited with the register in chancery the amount claimed' to be due, and notified the complainants of such deposit, the validity of which they refused to recognize. Defendant thereupon filed a petition praying the court to adjudge the decree paid and discharged. And it is held that an order finding that the defendant had substantially performed all of the requirements of the decree, and declaring it satisfied and discharged of record, cannot be sustained.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs October 26, 1894. Decided December 7, 1894.

Petition by defendant Louis H. Kean to adjudge a decree paid and discharged. Complainants appeal. Decree modified. The facts are stated in the opinion.

*Jay Fuller,* for complainants.

*Hoyt Post,* for defendant Kean.

GRANT, J. On August 28, 1893, the complainants ob-

tained a decree against the defendants, by which it was decreed that there was due from the defendant Louis H. Kean the sum of $446.50, with interest at 6 per cent. per annum from June 18, 1890, on a contract for the sale of lands described in the bill of complaint. It was also decreed that a deed made by complainants to said Kean was delivered without authority from them, and was void; that the above-mentioned amount, with interest thereon and costs, be paid to complainants within six months from the date of the decree; that the above-mentioned deed should be set aside, and declared null and void, unless said Kean should pay to the complainants, or to their solicitor, within said six months, the amount as above stated; that the defendant Straker was indebted to complainants in the sum of $100; that he pay the same, and that complainants have execution therefor. These are all of the provisions of the decree involved in this proceeding. The defendant Kean did not pay or tender to the complainants the amount of the decree, although the decree provided for the payment thereof to their solicitor, and the complainants gave him written authority to receive it, which was shown to said Kean by the solicitor, and payment demanded, which was refused. On the last day provided for the payment, Kean deposited with the register of the court the sum then claimed to be the amount covered by the decree. It was not sufficient by a small amount, which he afterwards deposited with the register. He then notified the complainants of this deposit. They refused to recognize such deposit as valid, or to look to the register for the payment of the money, claiming that it was not authorized by the decree, and that the time for payment had expired. Kean thereupon filed a petition praying the court to adjudge the former decree paid and discharged. The court below found that Kean had substantially performed all the

requirements of the decree, and entered an order declaring that it was satisfied and discharged of record.

This decree cannot be sustained. The law does not authorize the payment to the register of the amount due on a chancery decree. The court may make such an order, but, until so ordered, the complainant is not bound by such act on the part of the defendant. He may entirely ignore it. A party may object that his money be intrusted to an officer of the court, and has a right to be heard before such order is made. The defendant might as well have deposited it with the judge or any other member of the court, and then ask to have his decree declared paid and satisfied. It was expressly decreed that the defendant should pay this amount directly to the complainants or their solicitor. Tender of the exact amount to one of them was absolutely essential to comply with the decree to entitle him to its discharge.

It may well be questioned whether the defendant Kean is entitled to any relief at all; but, inasmuch as this involves a forfeiture, which equity as well as law abhors, and exact justice can still be done, the decree will be modified, and a decree entered in this Court directing the defendant Kean to pay the amount of the decree, with interest and costs, within 30 days. The complainants will also recover the costs of this proceeding in the court below and in this Court.

The other Justices concurred.